FILED

2013 Jul-25  PM 04:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **JEFFREY TILLMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.  4:12-CV-2266-SLB** |
| | ) | |
| **CAROLYN  W.  COLVIN, Acting** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Jeffrey Tillman brings this action pursuant to 42 U.S.C. § 405(g),[1] seeking review of the Commissioner of Social Security's final decision denying his application for a period of disability, disability insurance benefits ["DIB"], and supplemental security income ["SSI"].  He has filed a Motion to Remand Pursuant to Sentence 6 and attached a decision, dated May 10, 2012, awarding him SSI[2] for disability beginning October 8, 2010. (Doc. 9; doc. 9-1.)[3]  Upon review of the record and the relevant law, the court is of the opinion that Mr. Tillman's Motion to Remand Pursuant to Sentence 6, (doc. 9), is due to be denied and the Commissioner's decision is due to be affirmed.

---

[1]The judicial review provisions for a DIB claims, 42 U.S.C. § 405(g), apply to claims for SSI, *see*  42 U.S.C. § 1383(c)(3).

[2]Mr. Tillman's "earnings record shows that [he had] acquired sufficient quarters of coverage to remain insured through December 31, 2008."  (Doc. 6-3 at 39.)  Therefore, he was not eligible for DIB after that date.  *See* 20 C.F.R. § 404.130(b).

[3]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

# I. __PROCEDURAL HISTORY__

Mr. Tillman initially filed an application for a period of disability, DIB, and SSI on September 22, 2008.  (Doc. 6-3 at 39.)  His claims were denied initially.  (Doc. 6-5 at 3, 9.)  Thereafter, he requested a hearing before an Administrative Law Judge ["ALJ"], which was held on April 9, 2010.  (*Id*. at 17; doc. 6-3 at 84.)  After the hearing, the ALJ found that, while Mr. Tillman was unable to perform any past relevant work, he was capable of making a vocational adjustment to other work, such as that of a hotel housekeeper, cloth folder, and sorter, which are jobs that exist in significant numbers in Alabama and in the national economy.  (Doc. 6-3 at 49-50.)  In light these findings, the ALJ denied Mr. Tillman's request for a period of disability, DIB, and SSI on July 1, 2010.  (*Id.* at 50-51.)

Mr. Tillman then requested review of the ALJ's decision by the Appeals Council.  (Doc. 6-5 at 19.)  He submitted additional evidence to the Appeals Council.  (*See* doc. 6-11 at 25-69; doc. 6-12; doc. 6-13.)  The Appeals Council found no reason under its rules to review the ALJ's decision, and it denied Mr. Tillman's request for review.  (Doc. 6-3 at 2.)  Therefore, the ALJ's decision is the final decision of the Commissioner.  (*Id*.)

Following denial of review by the Appeals Council, Mr. Tillman filed an appeal in this court.  (Doc. 1.)  After filing his appeal, Mr. Tillman filed a Motion to Remand Pursuant to Sentence 6 of 42 U.S.C. § 405(g).  (Doc. 9.)

## II. STANDARD OF REVIEW

### A. MOTION TO REMAND

"Section 405(g) permits a district court to remand an application for benefits to the Commissioner . . . by two methods, which are commonly denominated 'sentence four remands' and 'sentence six remands,' each of which remedies a separate problem." *Ingram v. Commissioner of Social Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007)(citing 42 U.S.C. § 405(g)). "The fourth sentence of section 405(g) provides the federal court 'power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.'" *Id*. at 1261 (quoting 42 U.S.C. § 405(g)).

> A sentence four remand is appropriate when the claimant submitted new evidence to the Appeals Council, which the Appeals Council did not adequately consider in denying the claimant's request for review. To obtain a sentence four remand, the claimant must show that, in light of the new evidence submitted to the Appeals Council, the ALJ's decision to deny benefits is not supported by substantial evidence in the record as a whole.

*Timmons v. Commissioner of Social Sec.*, No. 12-16166, 2013 WL 3388234, *4 (11th Cir. July 9, 2013)(citing *Ingram,* 496 F.3d at 1266-67, 1268).[4]

"The sixth sentence of section 405(g) provides a federal court the power to remand the application for benefits to the Commissioner for the taking of additional evidence upon

---

[4]Eleventh Circuit Rule 36-2 provides, in pertinent part, "An opinion shall be unpublished unless a majority of the panel decides to publish it. ***Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority*.**" 11th Cir. R. 36-2 (emphasis added).

a showing 'that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" *Ingram*, 496 F.3d at 1261 (quoting 42 U.S.C. § 405(g)). "[A] sentence six remand is appropriate only when the claimant submits evidence for the first time to the district court that might have changed the outcome of the administrative proceeding. *Timmons*, 2013 WL 3388234 at *5 (citing *Ingram*, 496 F.3d at 1267-68). "New evidence is material, and thus warrants a remand, if 'there is a reasonable possibility that the new evidence would change the administrative outcome.'" *Id*. (citing *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987)).

Mr. Tillman's Motion to Remand Pursuant to Sentence 6 is based on a subsequent decision of the Commissioner to award him SSI. (*See generally* doc. 9; doc. 9-1.)

## B. APPEAL OF THE COMMISSIONER'S DECISION

In reviewing claims brought under the Social Security Act, this court's role is a narrow one: "Our review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *see also Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). The court gives deference to factual findings and reviews questions of law de novo. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner], rather [it] must scrutinize the record as a whole to determine if the decision reached is reasonable and

supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cor. 1990)(quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983))(internal quotations and other citation omitted). "The Commissioner's factual findings are conclusive if supported by substantial evidence." *Wilson*, 284 F.3d at 1221 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990); *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987)). "Substantial evidence" is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Commissioner of Social Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011)(internal quotations and citations omitted)

Conclusions of law made by the Commissioner are reviewed de novo. *Cornelius,* 936 F.2d at 1145. "No . . . presumption of validity attaches to the [Commissioner's] conclusions of law." *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III.  DISCUSSION

### A.  THE FIVE-STEP EVALUATION

The regulations require the Commissioner to follow a five-step sequential evaluation to determine whether a claimant is eligible for a period of disability, DIB, and/or SSI.  *See* 20 C.F.R. § 404.1520(a)(1)-(2); 20 C.F.R. § 416.920(a)(1)-(2); *Bowen v. City of New York,* 476 U.S. 467, 470 (1986).  "[A]n individual shall be considered to be disabled for purposes of [determining eligibility for DIB and SSI benefits] if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected

to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(C)(1); *see also* 42 U.S.C. § 416(i)(1); 42 U.S.C. § 423(d)(1)(A). The specific steps in the evaluation process are as follows:

### 1. Substantial Gainful Employment

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." *Bowen v. Yuckert*, 482 U.S. 137, 137 (1987). The regulations define "substantial gainful activity" as "work activity that is both substantial and gainful."[5] 20 C.F.R. § 404.1572; 20 C.F.R. § 416.972. If the claimant is working and that work is substantial gainful activity, the Commissioner will find that the claimant is not disabled, regardless of the claimant's medical condition or his age, education, and work experience. 20 C.F.R. § 404.1520(b); 20 C.F.R. § 416.920(b). "Under the first step, the claimant has the

---

[5]The regulations state:

> (a) *Substantial work activity*. Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.

> (b) *Gainful work activity*. Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.

> (c) *Some other activities*. Generally, we do not consider activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs to be substantial gainful activity.

20 C.F.R. § 404.1572; 20 C.F.R. § 416.972.

burden to show that [he] is not currently engaged in substantial gainful activity." *Reynolds-Buckley v. Commissioner of Social Sec.*, 457 Fed. Appx. 862, 863 (2012).

The ALJ found that Tillman had not engaged in substantial gainful activity since August 8, 2008, the alleged onset date.  (Doc. 6-3 at 41.)

### 2.  Severe Impairments

If the claimant is not engaged in substantial gainful activity,  the Commissioner must next determine whether the claimant suffers from a severe impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities.  20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c).  "[A] 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3);  42 U.S.C. § 1382c(a)(3)(D).  The regulations provide: "[I]f you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled.  We will not consider your age, education, and work experience."  20 C.F.R. § 404.1520(c); 20 C.F.R. § 416.920(c).  "An impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1521(a); 20

7

C.F.R. § 416.921(a).  A complainant may be found disabled based on a combination of impairments even though none of the individual impairments alone are disabling. *Walker v. Brown*, 826 F.2d 996, 1001 (11th Cir. 1985); *see also* 20 C.F.R. § 404.1523; 20 C.F.R. § 416.923.  A claimant has the burden to show that he has a severe impairment or combination of impairments.  *Reynolds-Buckley*, 457 Fed. Appx. at 863.

The ALJ found that Mr. Tillman had the following severe impairments:  cervical disc disease, degenerative disc disease of the lumbar spine, obesity, hypertension, and major depression.  (Doc. 6-3 at 41.)

### 3. The Listings

If the claimant has a severe impairment, the Commissioner must then determine whether the claimant's impairment meets the durational requirement and whether it is equivalent to any one of the listed impairments, which are impairments that are so severe as to prevent an individual with the described impairment from performing substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii), (d)-(e); 20 C.F.R. § 416.920(a)(4)(iii), (d)-(e); *see* 20 C.F.R. pt. 404, Subpart P, Appendix 1 [The Listings].  If the claimant's impairment meets or equals an impairment listed in the regulations, the Commissioner must find the claimant disabled, regardless of the claimant's age, education, and work experience.  20 C.F.R. § 404.1520(d); 20 C.F.R. § 416.920(d).  The claimant has the burden of proving that his impairment meets or equals the criteria contained in one of the Listings.  *Reynolds-Buckley*, 457 Fed. Appx. at 863.

The ALJ found that Mr. Tillman did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I.  (Doc. 6-3 at 44.)

### 4.  Residual Functional Capacity and Past Relevant Work

If the impairment does not meet or equal the criteria of a Listing, the claimant must prove that his impairment prevents him from performing his past relevant work.  *See* 20 C.F.R. § 404.1520(a)(4)(iv), (f); 20 C.F. R. § 416.920(a)(4)(iv), (f).  At step four, the Commissioner "will first compare [his] assessment of [the claimant's] residual functional capacity ["RFC"] with the physical and mental demands of [the claimant's] past relevant work.  20 C.F.R. § 404.1560(b); 20 C.F.R. § 416.960(b).  "Past relevant work is work that [the claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [him] to learn to do it.  20 C.F.R. § 404.1560(b)(1); 20 C.F.R. § 416.960(b)(1).  If the claimant is capable of performing his past relevant work, the Commissioner will find he is not disabled.  20 C.F.R. § 404.1560(e); 20 C.F.R. § 416.920(e).  The claimant bears the burden of establishing that the impairment prevents him from performing past work.  *Reynolds-Buckley*, 457 Fed. Appx. at 863.

The ALJ found that Mr. Tillman could perform a limited range of light work; he found:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he would be restricted from performing continuous overhead reaching/lifting; he should be allowed the ability to sit or stand while performing his job; he should not be exposed to continuous vibrations or

extremes of heat, cold, [or] humidity; and he should not work around unprotected heights.  The claimant would be further limited to entry level jobs requiring only simple 1 & 2 step job tasks and procedures.

(*Id*. at 45.)  The ALJ found that Mr. Tillman could not perform his past relevant work because such work was performed at a medium exertion level.  (*Id*. at 49.)

As for Mr. Tillman's other vocational factors, the ALJ found Mr. Tillman was 47 years old on the alleged onset date and 49 years old when the ALJ entered his decision.  (*Id*. at 39, 49, 51.)  He had attained a GED and a welding certificate from a junior college.  (*Id*. at 49.)  The ALJ determined that whether Mr. Tillman had any transferable job skills was irrelevant.  (*Id*.)

### 5.  Other Work in the National Economy

If the claimant establishes that he is unable to perform his past relevant work, the Commissioner must show the claimant, in light of his RFC, age, education, and work experience, is capable of performing other work that exists in substantial numbers in the national economy.  *Reynolds-Buckley*, 457 Fed. Appx. at 863; *see also* 20 C.F.R. § 404.1520(c)(1); 20 C.F.R. § 416.920(c)(1).   The regulations provide:

> If we find that your residual functional capacity is not enough to enable you to do any of your past relevant work, we will use the same residual functional capacity assessment we used to decide if you could do your past relevant work when we decide if you can adjust to any other work.  We will look at your ability to adjust to other work by considering your residual functional capacity and your vocational factors of age, education, and work experience.  Any other work (jobs) that you can adjust to must exist in significant numbers in the national economy (either in the region where you live or in several regions in the country).

20 C.F.R. § 404.1560(c)(1); 20 C.F. R. § 416.960(c)(1).  If the claimant is not capable of performing such other work, the Commissioner must find the claimant is disabled.  20 C.F.R. § 404.1520(f); 20 C.F.R. § 416.920(f).

Because the ALJ found Mr. Tillman could not perform a full range of light work, he consulted a Vocational Expert (VE) to determine whether any jobs exist in the national economy that Mr. Tillman, considering his RFC and his vocational factors, could perform. The VE testified that an individual with Mr. Tillman's limitations and vocational factors could perform the jobs of hotel housekeeper, cloth folder, and sorter, which are jobs that exist in significant numbers in Alabama and in the national economy.[6]  (Doc. 6-3 at 50, 112-13.) The VE testified that Mr. Tillman could perform these jobs if he had moderate pain but not if he had moderately severe or severe pain.  (*Id*. at 114.)  Based on this testimony, the ALJ found Mr. Tillman could perform other work, and, therefore, he found Mr. Tillman was not under a disability at any time from August 10, 2008, to July 1, 2010.  (*Id*. at 50-51.)

## B.  TILLMAN'S CLAIMS

### 1.      Opinions of Dr. Muhammad Tariq, Mr. Tillman's Treating Physician

Mr. Tillman contends, "The ALJ erred in substituting his opinion for the opinion of Dr. [Muhammad] Tariq," Mr. Tillman's treating physician, and, "The Appeals Council also erred in rejecting the opinion of Dr. Tariq because the opinion was supported by Dr. [Jane

---

[6]The VE also testified that Mr. Tillman would be able to perform sedentary jobs of Dowel Inspector, Telephone Quotation Clerk, and Charge Account Clerk.  (Doc. 6-3 at 113.)

Bush] Teschner[, an examining physician,] and by additional submissions of records from Quality of Life," the facility where Dr. Tariq practices.  (Doc. 10 at 18 [record citations omitted].)

The two opinions of Dr. Tariq are on forms entitled "Social Security Disability Questionnaire."  (Doc. 6-11 at 18-19, 25-26.)  On the first form, completed on April 21, 2010, Dr. Tariq indicated that he had seen Mr. Tillman ten times between January 15, 2008 until March 25, 2010.  The form and Dr. Tariq's answers are as follows:

> 2.  To be eligible for Social Security disability, a person must be unable to perform any substantial gainful work due to a medical condition which has lasted or can be expected to last for a continuous period of at least twelve months.  The impairment must be so severe as to prevent the person from working not only in his or her usual occupation, but in any other substantial gainful work considering age, education, training and work experience.
>
> In your opinion, is claimant disabled as defined above?
> (√) Yes      ( ) No
>
> 3.  If your answer to the previous question was "Yes":
> a.    What, in your opinion, was the date of onset of the claimant's disability?  _____3-20-2009_____
> b.    For what duration of time do you expect the claimant's disability to continue?  _____
> c.    What impairment or impairments, in your opinion, cause the claimant to be disabled?  __Degenerative Disc Disease Cervical Spine [and] LS Spine_____

(*Id.* at 18.)  Dr. Tariq did not respond to the request, "Provide any additional [comments] which would be helpful to the Administrative Law Judge determining whether claimant is disabled."  (*Id.*)  On the second form, dated June 11, 2010, Dr. Tariq again checked the "yes" box, indicating Mr. Tillman was disabled; he noted the cause of Mr. Tillman's

12

disability was degenerative disc disease; he changed the onset date to March 2008; and he indicated that Mr. Tillman's disability was permanent. (*Id*. at 25.) As with the first form, Dr. Tariq did not provide any additional comments or otherwise explain the basis for his opinion that Mr. Tillman was disabled.

The ALJ found Dr. Tariq's opinion, dated April 21, 2010, to be "inconsistent with, and unsupported by, the great weight of the evidence," and that his opinion was on an issue "solely reserved to the Commissioner." (Doc. 6-3 at 49.) The second questionnaire was not before the ALJ, but it was before the Appeals Council.

"The opinion of a treating physician, such as Dr. [Tariq], 'must be given substantial or considerable weight unless "good cause" is shown to the contrary.'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004)(quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). The Eleventh Circuit "has concluded 'good cause' exists when . . . : (1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the [physician's] own medical records. *Id*. at 1240-41(citing *Lewis*, 125 F.3d at 1440). According to the regulations, "The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight [the Commissioner] will give that opinion. The better an explanation a source provides for an opinion, the more weight [the Commissioner] will give that opinion." 20 C.F.R. § 404.1527(c); 20 C.F.R. 416.927(c).

13

The questionnaires contain no explanation for Dr. Tariq's conclusory opinion that Mr. Tillman is disabled. Moreover, the x-rays and Dr. Tariq's treatment notes do not support his conclusory statements that Mr. Tillman is disabled by pain caused by degenerative disc disease. The x-rays show "mild" degenerative disc disease of the cervical spine and "minimal" degenerative disc disease of the lumbar spine. (Doc. 6-11 at 23.) Between November 2007 and July 2011,[7] Mr. Tillman was seen eighteen times at Quality of Life. His treatment records during this period of time show only sporadic complaints of any pain and only four complaints of severe or moderately severe pain.[8] Therefore, the court finds no error

---

[7]According to the regulations, "If new and material evidence is submitted, the Appeals Council shall consider the additional evidence **only where it relates to the period on or before the date of the administrative law judge hearing decision**." 20 C.F.R. § 404.970(b)(emphasis added); *see also* 20 C.F.R. § 416.1470(b). The treatment records after July 1, 2010, do not relate to the period on or before July 1, 2010, the date of the ALJ's decision. However, "the Eleventh Circuit held that whenever a claimant presents new and material evidence to the Appeals Council, 'a reviewing court must consider whether that new evidences renders the denial of benefits erroneous.'" *Orostica v. Commissioner of Social Sec.*, No. 6:11-cv-532-Orl-GJK, 2012 WL 4356263, *8 (M.D. Fla. Sept. 24, 2012)(quoting *Ingram v. Commissioner of Social Security*, 496 F.3d 1253, 1262 (11th Cir. 2007)). This court has reviewed all the evidence submitted by Mr. Tillman after July 1, 2010, for purposes of determining whether the evidence relates to Mr. Tillman's condition before July 1, 2010, and, if so, whether the evidence renders the denial of benefits for the relevant time period erroneous.

[8]The treatment records indicate that Mr. Tillman complained of severe pain on four occasions: September 18, 2008, (doc. 6-10 at 77); March 20, 2009, (doc. 6-11 at 5); August 28, 2009, (*id.* at 8); and September 22, 2010, (doc. 6-12 at 66). He complained of moderate pain on December 18, 2008, (doc. 6-12 at 56); December 22, 2009, (doc. 6-11 at 13); December 20, 2010, (doc. 6-12 at 69); and January 31, 2011, (*id.* at 73). He complained of mild pain on June 28, 2010, (*id.* at 62.) On nine occasions, he denied any pain. (Doc. 6-10 at 77, 85, 87, 89; doc. 6-11 at 8, 15, 96; doc. 6-12 at 76, 80.)

in the weight the Commissioner gave to Dr. Tariq's conclusory opinions that Mr. Tillman was disabled due to degenerative disc disease.

Also, the Commissioner properly rejected Dr. Tariq's opinions because whether or not Mr. Tillman was disabled is a question reserved for the Commissioner.  The Commissioner "use[s] medical sources, including [a claimant's] treating source, to provide evidence, including opinions, on the nature and severity of [the claimant's] impairment(s)." 20 C.F.R. § 404.1527(d)(2).  "A doctor's opinion on a dispositive issue reserved for the Commissioner, such as whether the claimant is 'disabled' or 'unable to work,' is not considered a medical opinion and is not given any special significance, even if offered by a treating source, but will be taken into consideration." *Kelly v. Commissioner of Social Sec.*, 401 Fed. Appx. 403, 407 (11th Cir. 2010)(citing 20 C.F.R. § 404.1527(d), 20 C.F.R. § 416.927(d)).  "A statement by a medical source that [the claimant is] 'disabled' or 'unable to work' does not mean that [the Commissioner] will determine that [the claimant is] disabled."  20 C.F.R. § 404.1527(d)(1).  Indeed, the regulations provide that the Commissioner "not give any special significance to the source of an opinion on issues reserved to the Commissioner." *Id*. (d)(3).

The court finds no error in the Commissioner's decision not to give controlling weight to Dr. Tariq's conclusory opinions that Mr. Tillman was disabled.

## 2. Vocational Expert's Testimony

Mr. Tillman contends, "The testimony of the VE was not substantial evidence because the ALJ in his hypothetical did not consider claimant's severe depression, severe lower back

15

pain due to degenerative disc disease, hypertension, cervical and shoulder problems due to degenerative disc disease, osteoarthritis, swelling and numbness of the hands [post surgery for] carpal tunnel syndrome."  (Doc. 10 at 19.)

"In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999)(citing *McSwain v. Bowen*, 814 F.2d 617, 619-20 (11th Cir. 1987)).  However, the hypothetical does not need to include impairments the ALJ finds the claimant does not have.  *See Loveless v. Massanari*, 136 F. Supp. 2d 1245, 1251 (M.D. Ala. 2001);  *McKay v. Apfel*, No. Civ. A. 97-C-1548-N, 1999 WL 1335578, *7 (M.D. Ala. Dec. 9, 1999)(citing *Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990); *Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988)).

Contrary to Mr. Tillman's argument, the ALJ included all impairments he found in his hypothetical to the VE.  (*See* doc. 6-3 at 111-113, 114.)  For example, the ALJ found Mr. Tillman's depression would result in a mild restriction in activities of daily living, mild difficulties in maintaining social functioning, and moderate difficulties with regard to concentration, persistence or pace," and he found "no episodes of decompensation, which have been of extended duration."  (*Id* at 44, 48.)  Therefore, he found, as a result of his depression, Mr. Tillman was "limited to entry level jobs with simple 1 and 2 step job tasks

and procedures." (*Id*. at 48.)  This limitation was included in the ALJ's hypothetical to the VE.  (*Id*. at 112.)

Also, the ALJ found, "No credible treating or consulting physician has indicated that the claimant experiences pain or other subjective symptomatology to such a degree as to render him totally disabled and have placed no significant external, postural, or environmental restrictions on him that would preclude all forms of substantial gainful activity." (Doc. 6-3 at 47.)  The VE testified that Mr. Tillman could not perform any jobs if the ALJ found Mr. Tillman's testimony regarding his level of pain was credible.  (*Id*. at 114-15.)  However, the ALJ did not find Tillman's testimony regarding his pain to be credible. (*Id*. at 47.)  This finding is supported by substantial evidence, including evidence of "intermittent and conservative treatment," both before and after the ALJ's decision.

The ALJ's hypothetical questions to the VE accurately reflected Mr. Tillman's RFC and vocational factors as determined by the ALJ.  The court finds no error based on the ALJ's hypothetical questions to the VE.

### 3.  RFC to Perform a Limited Range of Light Work and a Full Range of Sedentary Work.

Citing *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987),[9] Tillman contends that the ALJ's finding that he has the RFC to perform light or sedentary work is not supported by

---

[9]Mr. Tillman has incorrectly cited the court to 826 F.2d 941, for the *Walker v. Bowen* opinion, which is found at 826 F.2d at 996.  (Doc. 10 at 21.)  Also, although Tillman quotes extensively from the *Walker* opinion, he has not cited the court to any particular page of the decision.  (*Id*. at 21-22.)

substantial evidence because "[n]o physician has stated that [he] can perform light or sedentary work," and "Dr. Tariq . . . confirmed disability by two questionnaires." (Doc. 10 at 21.)

For the reasons set forth above, the court finds Dr. Tariq's questionnaires are entitled little or no weight. Also, a claimant's RFC is a question reserved for the Commissioner. The medical records before the ALJ lack any indication that Mr. Tillman is incapable of performing work at a light or sedentary exertional level. His treatment records show he complained of back pain sporadically, he was encouraged to exercise, his x-rays showed minimal and/or mild degenerative disc disease, and his prescribed treatment was conservative. After July 1, 2010, his treatment remained conservative and he did not complain consistently of severe or moderately severe pain.

Mr. Tillman submitted an Independent Medical Evaluation Report, prepared by Dr. Jane Bush Teschner. (Doc. 6-12 at 2.) Dr. Teschner prepared this report after examining Mr. Tillman and reviewing his medical records on August 2, 2010. (*Id*. at 2, 4-6.) She made the following diagnoses:

1. Cervical Pain, Chronic
   a. Cervical Radiculopathy, RUE
   b. DDD [degenerative disc disease], Cervical Spine

2. Lumbar Spine Pain, Chronic
   a. Lumbar Radiculopathy to RLE
   b. DDD, Lumbar Spine

3. Hypertension

4.  Tobacco Abuse

(*Id*. at 6-7.)  Her conclusions are as follows:

> Based on the history as reported to me by the patient, a review of medical records available to me, and my objective examination, I find that the claimant's primary limiting medical issue is the severe and chronic cervical spine pain and radicular weakness of the right upper extremity possibly due to a bulging/herniated disc with neural foraminal narrowing but we have no MRI. The lower back pain with radicular pain to the right leg is a secondary limiting issue.  These impairments if left untreated as they are currently moderately severe [to] severe in degree and will worsen without intervention.  He would likely benefit from neurosurgical evaluation.  The lumbar spine pain is less severe than the cervical spine pain; however, both are moderately severe in degree.

> Mr. Tillman is totally disabled by virtue of the neck, back, and extremity involvement.  We need an MRI for a definitive diagnosis.

(*Id*. at 7.)  In this Report Dr. Teschner did not relate her examination and opinions to Mr. Tillman's limitations prior to the ALJ's decision on July 1, 2010.  (*See generally id*. at 2-12.) She did note that, per Mr. Tillman, his neck and back pain on the day of the examination was 9.5/10, his pain average during the prior month was 7/10, and his lowest pain was 5/10.  (*Id*. at 3-4.)  Mr. Tillman also told Dr. Teschner that his pain was "constant."  (*Id*. at 4.)

These statements regarding Mr. Tillman's pain level are not consistent with his treatment records, which show that his pain level was 2/10 on June 28, 2010 – which was two days before the ALJ's decision and a little more than a month before Dr. Teschner's examination.  (*Id*. at 62.)  In September 2010, he reported his pain level was 9/10; however, in December 2010, his pain level was 4/10.  (*Id*. at 66, 69.)

19

The court finds that Dr. Teschner's Report does not relate to a period before the ALJ's decision.  Also considering all the record evidence, Dr. Teschner's Report, which is based on Mr. Tillman's statements of severe or moderately severe pain, is not evidence sufficient to compel a finding that the ALJ's determination that Mr. Tillman was not disabled on or before July 1, 2010 is contrary to the great weight of the record evidence.

### d.  The Grids

Mr. Tillman contends, "The ALJ failed to apply Grid Rule 201.14 which provide[s] that if the claimant is closely approaching advanced age (meaning between ages 50-54) and the claimant's education is limited and [he] does not have an education that provides direct entry into skilled work, and his previous work experience consists of either unskilled or skilled or semi-skilled with skills that are non-transferable, the claimant is found to be disabled." (Doc. 10 at 22.)  He contends, "The decision is dated 7/01/10.  Claimant was 50 years old when the decision was issued." (*Id.* at 23.)

Regarding the Grids, the Supreme Court has stated:

> Prior to 1978, the Secretary relied on vocational experts to establish the existence of suitable jobs in the national economy.  After a claimant's limitations and abilities had been determined at a hearing, a vocational expert ordinarily would testify whether work existed that the claimant could perform. Although this testimony often was based on standardized guides, *see* 43 Fed. Reg. 9286 (1978), vocational experts frequently were criticized for their inconsistent treatment of similarly situated claimants.  *See Santise v. Schweiker*, 676 F.2d 925, 930 (3d Cir. 1982); J. Mashaw et al., SOCIAL SECURITY HEARINGS AND APPEALS 78-79 (1978).  To improve both the uniformity and efficiency of this determination, the Secretary promulgated medical-vocational guidelines as part of the 1978 regulations.  *See* 20 CFR pt. 404, subpt. P, app. 2 (1982).

These guidelines relieve the Secretary of the need to rely on vocational experts by establishing through rulemaking the types and numbers of jobs that exist in the national economy. They consist of a matrix of the four factors identified by Congress – physical ability, age, education, and work experience – set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy. Where a claimant's qualifications correspond to the job requirements identified by a rule, the guidelines direct a conclusion as to whether work exists that the claimant could perform. If such work exists, the claimant is not considered disabled.

*See Heckler v. Campbell*, 461 U.S. 458, 461-62 (1983)(footnotes omitted).

Mr. Tillman was born on October 8, 1960; therefore, he was 49 years old on July 1, 2010. He turned 50 on October 8, 2010. As a younger individual (45-49), the Grids direct a conclusion that Mr. Tillman was not disabled. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.21 (sedentary work); *id*., Rule 202.21 (light work).

The ALJ committed no error in applying the Grids.

**B. REMAND**

**1. Sentence Four**

The court has reviewed the evidence submitted to the Appeals Council after the ALJ's decision. As set forth above, this evidence was insufficient to cause the Appeals Council to remand Mr. Tillman's claim for reconsideration. Therefore, the court finds no error.

**2. Sentence Six**

Mr. Tillman filed a decision from a second ALJ that found he was disabled as of October 8, 2010, his fiftieth birthday.  He contends that this evidence requires a remand of his claim.  The court disagrees.

The second ALJ decision found that Mr. Tillman could perform a full range of sedentary work despite his impairments.  (Doc. 9-1 at 6.)  As of October 8, 2010, Mr. Tillman was 50 years old – "closely approaching advanced age."  *See* 20 C.F.R. § 404.1563(d); 20 C.F.R. § 416.963(d).  Based on his age, education, past relevant work, and his RFC, the Grids directed a finding that Mr. Tillman was disabled as of October 8, 2010.  (Doc. 9-1 at 7 [citing 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.14].)  This decision, which for purposes of this case is not evidence from the relevant time period, does not compel a finding that Mr. Tillman was disabled on or before July 1, 2010.  In fact, if this court considers Tillman to be capable of a full range of sedentary work, as the second ALJ found, (*see id*. at 6), the Grids would direct a finding that Tillman, who was 49 years old on July 1, 2010, was **NOT** disabled.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.21.

Because the second ALJ's decision – even if fully credited – would not support a finding that Mr. Tillman was disabled at any time before his fiftieth birthday, Mr. Tillman's Motion to Remand Pursuant to Sentence 6, (doc. 9), will be denied.

Based on the foregoing, the decision of the ALJ, as adopted by the Commissioner, denying Mr. Tillman's claim for a period of disability, DIB, and SSI is due to be affirmed.

## <u>CONCLUSION</u>

For the reasons set forth above, Mr. Tillman's Motion to Remand Pursuant to Sentence 6, (doc. 9), is due to be denied, and the decision of the Commissioner is due to be affirmed.  An Order denying the Motion to Remand, (doc. 9), and affirming the decision of the Commissioner will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 25th day of July, 2013.

SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE